UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO: 1:06-CR-00042-P-BL-1 |
| | § § § | |
| NICHOLAS MAURICE RODRIGUEZ | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. §636(b) and the referral Order dated June 25, 2015 (Doc. 56), addressing the motion to revoke Nicholas Maurice Rodriguez' (hereafter "Defendant") term of supervised release.

### I. PROCEDURAL BACKGROUND

#### A. Original Conviction and Prior Revocation Proceedings

On November 9, 2006, Defendant pleaded guilty to one count of Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Doc. 19). On February 9, 2007, Defendant was sentenced to 96 months custody, to run concurrently with any sentence imposed in Case No. 7045-D pending in the 350th District Court of Taylor County, Abilene, Texas, and consecutive to any sentence imposed in Case Numbers 40638 and 40890 pending in the Taylor County Court at Law No. 2, Abilene, Texas (Doc. 25, p. 2), to be followed by a 3-year term of supervised release (Doc. 25, p. 3). Judgment was entered accordingly (Doc. 25). Supervision commenced on October 29, 2013 (Doc. 44).

1

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis.

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated June 10, 2015 (Doc. 46), requesting revocation of Defendant's term of supervised release and entry of an order to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 44), executed April 23, 2015, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on June 10, 2015 (*id.*), and the Magistrate Judge conducted an initial appearance on June 18, 2015 (Doc. 48). A preliminary revocation and detention hearing was set for June 26, 2015, at which time Defendant, represented by counsel, orally waived probable cause but contested detention. After hearing, an Order of Detention and Finding Probable Cause was entered by the Magistrate Judge (Doc. 58).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

---

[1] Alleged violations taken from Petition for Offender under Supervision dated April 23, 2015.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Nicholas Maurice Rodriguez has violated these conditions of supervised release by using and/or possessing marijuana, an illegal controlled substance, in or about January, February, and March 2015. Mr. Rodriguez submitted urine specimens on January 30, February 16 and 26, March 13, April 19, May 1 and 15, 2015, which tested positive for marijuana. Interpretation reports received from ALERE Toxicology Services confirmed each of the above-referenced urinalysis specimens submitted was subsequent to new marijuana use, except for the specimens collected on April 17 and 24, 2015, which were inconclusive. Additionally, Mr. Rodriguez submitted a urine specimen on May 15, 2015, which tested positive for methamphetamine.

Further, On January 30, 2015, Mr. Rodriguez admitted, both verbally and in writing, to U.S. Probation Officer Scott Cannon, that he used marijuana on January 26, 2015, and on various occasions from December 14, 2014, through January 15, 2015. Additionally, on February 18, 2015, Mr. Rodriguez admitted, both verbally and in writing, to Senior U.S. Probation Officer Connie L. Massey, that he used marijuana on February 12, 2015. Further, on May 22, 2015, Mr. Rodriguez admitted, both verbally and in writing, to U.S. Probation Officer Martin Hernandez, Jr., that he used alcohol on May 10 and marijuana on May 12, 2015.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on July 2, 2015, before the Magistrate Judge. Defendant was represented by Charles Scarborough; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded. Upon call of the matter, Defendant was placed under oath and advised of

the alleged violations by reading the revocation motion. **Defendant consented orally and in writing to allocution before the Magistrate Judge (Doc. 64).**

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the Magistrate Judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically, the two Mandatory Conditions that Defendant not illegally possess a controlled substance and that he refrain from any unlawful use of a controlled substance; Standard Condition #7; and Special Condition # 1.

Defendant accepted the invitation to allocute, stating he realized his need for treatment and that he had attempted to enter a drug rehabilitation program. Although he was accepted into a program, he was arrested the same day. He also testified that he has since been accepted into another program at the Williams House in San Angelo, Texas, should he be released. Defendant's girlfriend was called and testified that Defendant assists in her support and that of her child, that he needs help with his addiction, and confirmed his acceptance into the Williams House program. Defense counsel presented argument is support of leniency, recognizing that Defendant has a problem with marijuana but needs counseling and treatment, not incarceration. Counsel noted that Defendant had complied with all other conditions of his release, and urged that no additional term of supervised release be imposed. The government opted not to offer anything further.

## II.     FINDINGS OF THE COURT

(1)     The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set

forth in Section I.B(2) above, specifically two Mandatory Conditions, Standard Condition #7, and Special Condition # 1 (involving use, possession, and testing for controlled substances).

(2)     The Defendant was competent to make the decision to plead true to the allegations.

(3)     The Defendant had both a factual and rational understanding of the proceedings against him.

(4)     The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against his or the consequences of his plea.

(5)     The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense.

(6)     The Defendant received a copy of the Government's Motion to Revoke, either read it or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him.

(7)     A preliminary revocation hearing was held, at which time Defendant, represented by counsel, declined to contest probable cause as to the alleged violations but did contest detention. An Order of Detention and Finding Probable Cause was subsequently entered by the Magistrate Judge.

(8)     At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above.

(9)     The Defendant violated conditions of his supervised release.

### III. SENTENCING

#### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

5

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

B. **STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of seven to thirteen months, based upon Defendant's criminal history category of V and the admitted violations being that of Grade C. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release.

Defendant's admitted violations of possession of a controlled substance and more than 3 positive drug tests over the course of one year. *See* 18 U.S.C. § 3583(g)(1) and (4).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release that could be reimposed must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In this case, Defendant is subject to a term of supervised release of a minimum of three years, less any term of imprisonment imposed upon revocation of his supervised release.

## IV. ANALYSIS AND RECOMMENDATION

Defendant has continued to use illegal substances while on supervised release, as evidenced by urine specimens submitted in January, February, March, April, and May 2015, all of which tested positive for marijuana. In addition, a urine specimen submitted on May 15, 2015, tested positive for methamphetamine. Defendant was afforded the opportunity of drug after-care, but only attempted to participate in an inpatient treatment program on the eve of his arrest. Although he continued to report and comply with the majority of instructions from the probation officer, he nevertheless continued to use marijuana and methamphetamine.

Upon consideration of the foregoing, the Magistrate Judge **RECOMMENDS** that:

(1) Defendant be found to have **violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically the two enumerated Mandatory

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d).

Conditions, Standard Condition #7, and Special Condition # 1 (involving use, possession and testing for controlled substances) and that his supervised release be **REVOKED**;

(2) Defendant be **SENTENCED** to the custody of the Attorney General for a period of **ten (10) months**;

(3) **No additional term of supervised release** be imposed, as it does not appear Defendant would benefit from another term of supervised release.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 17th day of July, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE